USCA1 Opinion

 

 UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ____________________ No. 92-2384 UNION DE LA CONSTRUCCION DE CONCRETO Y EQUIPO PESADO, Petitioner, v. NATIONAL LABOR RELATIONS BOARD, Respondent. ____________________ ON PETITION FOR REVIEW OF AN ORDER OF THE NATIONAL LABOR RELATIONS BOARD ____________________ Before Breyer, Chief Judge, ___________ Aldrich, Senior Circuit Judge, ____________________ and McAuliffe,* District Judge. ______________ ____________________ Marcos A. Ramirez Lavandero with whom Pedro J. Salicrup was on ____________________________ __________________ brief for petitioner. Martin M. Eskenazi, Attorney, with whom Jerry M. Hunter, General __________________ _______________ Counsel, Yvonne T. Dixon, Acting Deputy General Counsel, Nicholas E. ________________ ___________ Karatinos, Acting Associate General Counsel, Margery E. Lieber, _________ ___________________ Assistant General Counsel for Special Litigation, and Eric G. ________ Moskowitz, Deputy Assistant General Counsel for Special Litigation, _________ National Labor Relations Board, were on brief for respondent. ____________________ November 12, 1993 ____________________ _____________________ *Of the District of New Hampshire, sitting by designation. BREYER, Chief Judge. The Union de la Construccion ___________ de Concreto y Equipo Pesado (the "Construction Workers") asks us to review a National Labor Relations Board determination finding both 1) that Empresas Inabon, Inc. (the "Company") committed an "unfair labor practice" in refusing to bargain with the Construction Workers; and 2) that, currently, a different union, the Congreso de Uniones Industriales de Puerto Rico (the "Industrial Workers"), not the Construction Workers, represents the Company's employees. We agree with the Board that this petition, in essence, asks us to review a Board "representation" decision; that we lack jurisdiction to review such a decision; and, that we must, therefore, dismiss this petition. I. Background __________ In the spring of 1991, the Construction Workers represented the Company's employees under a contract due to expire in June. In April, the Industrial Workers asked the National Labor Relations Board to hold an election so that the Company's employees could choose between the two unions. In May, the Company decided that, pending the outcome of the -2- 2 election, it would not bargain with the Construction Workers over a new contract. The NLRB's Regional Director scheduled an election for mid-June. Before the election, the Construction Workers, objecting to the Company's refusal to bargain, filed an unfair labor practice complaint. National Labor Relations Act (NLRA) 8(a)(1), (5), 29 U.S.C. 158(a)(1), (5). The Industrial Workers won the June election by a vote of 30 to 6. The Construction Workers subsequently filed objections to the election. 29 C.F.R. 102.69. They said that the Company's refusal to bargain with them in May had improperly biased the employees against them and that the election should be set aside. The NLRB's Regional Director consolidated the unfair labor practice proceeding with the representation proceeding. Ultimately, an Administrative Law Judge found in the Construction Workers' favor on the unfair labor practice issue. See RCA Del Caribe, Inc., 262 NLRB 963 ___ ______________________ (1982) (the filing of an election petition does not excuse an employer from continuing to bargain with the currently certified collective bargaining representative). But, he found in the Industrial Workers' favor on the second issue. That is to say, he decided that the refusal to bargain had -3- 3 not affected the outcome of the election; that the election, ___ therefore, was valid; and that, consequently, the Industrial Workers, not the Construction Workers, represented the Company's employees. He issued a recommended order that, in essence, told the Company not to commit similar "unfair labor practices" in the future, that is, it told the Company that it should not again, under similar circumstances, refuse to bargain with "an incumbent union." The order also told the Company to post notices saying that it would not refuse to do so. But, the order did not tell the Company to bargain with the Construction Workers, for, after all, in the ALJ's view, the Construction Workers no longer represented the employees. The Construction Workers appealed the ALJ's determinations to the Board. The Board affirmed the ALJ and issued the ALJ's order; it also certified the Industrial Workers as the collective bargaining representative of the Company's employees. The Construction Workers now petition this court for review of the Board's decision. The Board asks us to dismiss the petition, and we shall do so because, as the Board points out, we lack the legal power to review what is, in essence, a Board decision about which union -4- 4 represents the Company's employees. See American Federation ___ ___________________ of Labor v. NLRB, 308 U.S. 401, 405-11 (1940). ________ ____ -5- 5 II. Analysis ________ The Board is clearly right in pointing out that we lack the legal power to review directly an NLRB determination about which union represents a group of employees. American Federation of Labor, 308 U.S. at 409 _____________________________ (NLRA 10 authorizes judicial review of NLRA 8 "unfair labor practice" determinations, but it does not authorize judicial review of NLRA 9 "representation" determinations); Boire v. Greyhound Corp., 376 U.S. 473, _____ _______________ 476-77 (1964); Pittsburgh Plate Glass Co. v. NLRB, 313 U.S. ___________________________ ____ 146, 154 (1941); S.D. Warren Co. v. NLRB, 353 F.2d 494, 496 _______________ ____ (1st Cir. 1965), cert. denied, 383 U.S. 958 (1966). To ____________ obtain judicial review of a 9 "representation" decision, an objecting firm, or a "losing" union, must take a roundabout, "back door" route. It must transform the "representation" determination into an "unfair labor practice" determination. It can do so by 1) engaging in an activity (typically, refusing to bargain or picketing) that amounts to an unfair labor practice if, but only if, the Board's 9 decision is proper; 2) making certain that the Board then finds that it has engaged in an unfair labor practice; and, then, 3) petitioning a court to set aside the -6- 6 "unfair labor practice" determination on the ground that the underlying "representation" determination is improper. Boire, 376 U.S. at 476-77; American Federation of Labor, 308 _____ ____________________________ U.S. at 410 n.3; United Federation of College Teachers, _________________________________________ Local 1460 v. Miller, 479 F.2d 1074, 1078-79 (2d Cir. 1973); __________ ______ Lawrence Typographical Union v. McCulloch, 349 F.2d 704, 708 ____________________________ _________ (D.C. Cir. 1965); see also NLRB v. Union Nacional de _________ ____ ___________________ Trabajadores, 540 F.2d 1, 12-13 (1st Cir. 1976), cert. ____________ _____ denied, 429 U.S. 1039 (1977). The Construction Workers have ______ not tried to take this route directly here, though they believe they can construct a kind of analogy that will lead to review. The Construction Workers find an analogy by asking us to review the Board's decision not to issue a certain ___ kind of order to cure the "unfair labor practice," namely, an order requiring the Company to bargain with them in the future. They believe the Board would have issued such an order had it not thought the order pointless; and, it would not have thought the order pointless had it set aside the election results in the Industrial Workers favor. The Construction Workers hope, in this way, to obtain our review of the "representation proceeding" results through the back door, that is, by obtaining review of the "unfair labor -7- 7 practice" order that is necessarily founded upon a particular "representation" proceeding outcome. See NLRA ___ 9(d), 29 U.S.C. 159(d) (permitting court review of representation proceeding results when "an order of the Board" in an unfair labor practice proceeding "is based in whole or in part" upon the results of an earlier representation proceeding); Boire, 376 U.S. at 477; American _____ ________ Federation of Labor, 308 U.S. at 405-11. ___________________ The problem for the Construction Workers, however, is that they did not tell the Board that they wanted it to review the scope of the ALJ's "unfair labor practice" order. Rather, when they asked the Board to review the ALJ's decision, they told it that they objected: to the ALJ's finding that directing an election, notwithstanding the pending of an 8(a)(5) unfair labor practice charge, does not affect the laboratory condition required by law before the holding of an election and to the ALJ's finding that the Region's decision not to block the holding of the election did not affect its result since the employees were able to freely exercise their right to choose in the said election. Petitioner's Appendix at 57-58. -8- 8 The Board, reading these objections, could reasonably believe that the Construction Workers were satisfied with the "unfair labor practice" results, and that they wanted the Board to review only the "representation" results. They might have thought that the Construction Workers were conceding that, if the election was proper, a bargaining order would not be appropriate. See Celebrity ___ _________ Inc., 284 NLRB 688 (1987); Len Martin Corp., 282 NLRB 482 ____ ________________ (1986). Irrespective of what the Construction Workers actually did want, they did not raise before the Board the objection to the "unfair labor practice" order that they seek to raise here. We therefore cannot consider it. NLRA 10(e), 29 U.S.C. 160(e); Woelke & Romero Framing, Inc. ______________________________ v. NLRB, 456 U.S. 645, 665-66 (1982); Detroit Edison Co. v. ____ __________________ NLRB, 440 U.S. 301, 311 & n.10 (1979); El Gran Combo de ____ __________________ Puerto Rico v. NLRB, 853 F.2d 996, 1001 (1st Cir. 1988). ___________ ____ We add that the Construction Workers do not point to any special circumstance that could excuse their failure to raise the point before the Board, nor do they raise any particularly strong claim on the merits, nor do we see any obvious error in the ALJ's decision of the representation of the matter. For these reasons, the petition for review is -9- 9 Dismissed. _________ -10- 10